UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFANI BUTLER,<br><br>      *Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>      *Defendants.* | Civil Action No. 24-CV-01134 (APM) |

## DEFENDANT DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant District of Columbia respectfully submits this partial motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6). A memorandum of points and authorities and a proposed order are attached.

Dated: August 12, 2024

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Samantha N. Lewis*
SAMANTHA N. LEWIS [187701]
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 355-4837
Samantha.lewis1@dc.gov

*Counsel for Defendant District of Columbia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFANI BUTLER,<br><br>*Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>*Defendants.* | Civil Action No. 24-CV-01134 (APM) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff Stefani Butler, a former employee of the District of Columbia Department of Employment Services (DOES), brings the following claims against the District of Columbia (the District): (1) hostile work environment/sexual harassment under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*; (2) hostile work environment/sexual harassment under the D.C. Human Rights Act (DCHRA), D.C. Code § 2–1401.01 *et seq.*; (3) retaliation under Title VII; (4) retaliation under the DCHRA; (5) failure to pay overtime wages in violation of the D.C. Minimum Wage Act (DCMWA), D.C. Code §§ 32–1002 *et seq.*; (6) unpaid wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*; and (7) retaliation under the FLSA. *See* Am. Compl.,[1] Claims for Relief, ECF No. 16. The Court should dismiss the Amended Complaint against the District in part. *First*, Plaintiff fails to state viable claims for

---

[1] In its July 29, 2024 Minute Order, the Court ordered that "the amended complaint filed at ECF No. 14-2 is now the operative pleading." Nonetheless, on August 1, 2024, Plaintiff filed an Amended Complaint at ECF No. 16, which appears to contain identical allegations to ECF No. 14-2.

retaliation under Title VII and the DCHRA. *Second*, Plaintiff's FLSA claims should be dismissed because they are barred by a two-year statute of limitations. *Lastly*, Plaintiff fails to state a viable claim for FLSA retaliation because she failed to explicitly assert her rights under the FLSA when making her complaints to DOES regarding overtime pay. For these reasons, discussed in greater detail below, the Court should dismiss Counts III, IV, VI, and VII of the Amended Complaint against the District with prejudice.

## FACTS

DOES hired Plaintiff in or around December 2020 as a "Supervisory Unemployment Claims Examiner." Am. Compl. ¶ 10. Plaintiff's immediate supervisor was Corey Dixon, who held the title of "Chief of Benefits." *Id.* ¶ 11. Plaintiff contends that Dixon sexually harassed her from April to June 2021 and used "vulgar and sexist language" when speaking with her. *Id.* ¶¶ 12–13. In May 2021, Plaintiff allegedly reported Dixon's alleged sexual harassment verbally and in a written complaint to Monnikka Madison, DOES's Deputy Director and Dixon's direct supervisor. *Id.* ¶ 27. Plaintiff contends that she made another complaint to Madison about Dixon's behavior on June 4, 2021, via email. *Id.* ¶ 30. Plaintiff maintains that she "sent approximately three follow-up emails to Ms. Madison over the next few weeks regarding Mr. Dixon's behavior" and "Ms. Madison held the complaint for approximately three weeks before forwarding the complaint to the agency's general counsel, Ms. Tonya Robinson." *Id.* ¶¶ 31–32. Plaintiff contends that DOES's Office of the General Counsel began investigating her report about Dixon during the month of June 2021. *Id.* ¶ 39. However, according to Plaintiff, Madison never removed Plaintiff from Dixon's supervision. *Id.* ¶ 33. Plaintiff contends that after she made her June 2021 complaint, Dixon began retaliating against her by excluding her from

trainings, emails, and strategy meetings. *Id.* ¶ 36. Dixon left his employment with DOES in July 2021. *Id.* ¶ 45.

Plaintiff asserts that she realized in May 2021 that "the [District] had not paid her overtime as it similarly failed to do with other employees during this period." *Id.* ¶ 42. By Fall 2021, Plaintiff maintains that she had "logg[ed] approximately 700 overtime hours in 2021 that were either paid at regular pay or not paid at all"; she allegedly reported the missing hours to Madison and Robinson. Am. Compl. ¶¶ 60-61. Although Plaintiff admits that "the agency adjusted [her] overtime hours," she insists that "those adjustments were incorrect as they did not pay [her] total balance for overtime." *Id.* ¶ 62. Plaintiff alleges that she contacted Robinson on November 29, 2021, to explain Madison's "reluctance to pay her" overtime hours. *Id.* ¶ 63. She also contends that she sent a written complaint to DOES's deputy general counsel regarding Madison's "intentional failure to pay overtime hours" on November 29, 2021. *Id.* ¶ 66.

On December 1, 2021, Plaintiff was terminated from her employment. Am. Compl. ¶ 56. Plaintiff contends that since her termination, she has applied for several jobs in the District government but was not hired for any of the positions to which she applied. *Id.* ¶¶ 77, 87.

## STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court set forth a "two-pronged approach" for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). 556 U.S. at 679. While a court generally must consider a plaintiff's factual allegations as true, it must first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the

3

assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, the basic pleading standards "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). If the court determines that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. But the court need not draw inferences in favor of the non-movant "if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ARGUMENT

**I.    Plaintiff Fails To Plead Viable Retaliation Claims Under Title VII and the DCHRA (Counts III and IV).**

"To establish a prima facie case of retaliation, a [plaintiff] must show that (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action by her employer; and (3) a causal connection existed between the two." *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007) (citing *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999)).[2] "An activity is 'protected' for the purposes of a retaliation claim 'if it involves opposing alleged discriminatory treatment by the employer or participating in legal efforts against the alleged treatment.'" *Lemmons v. Georgetown Univ. Hosp.*, 431 F. Supp. 2d 76, 91 (D.D.C. 2006) (quoting *Coleman v. Potomac Elec. Power Co.*, 422 F. Supp. 2d 209, 212-13 (D.D.C. 2006)). An adverse employment action, in the context of retaliation claims, is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Hinds v. Mulvaney*, 296 F. Supp. 3d 220, 237 (D.D.C. 2018) (citation and internal quotations omitted).

---

[2]    *See Ndondji v. InterPark Inc.*, 768 F. Supp. 2d 263, 268 (D.D.C. 2011) (Title VII and DCHRA retaliation claims analyzed in the same manner).

An adverse employment action must "materially . . . affect . . . the terms, conditions, or privileges of employment . . . such that a reasonable trier of fact could find objectively tangible harm."[3] *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009) (citations and internal quotation marks omitted).

As explained below, Plaintiff fails to sufficiently plead that she suffered a materially adverse action, and she also fails to allege any causal connection between her alleged protected activity and any alleged adverse action, specifically, not being paid the overtime due to her. For these reasons, the Court should dismiss Counts III and IV of the Amended Complaint against the District.

### A.   <u>Plaintiff Fails To Plead a Materially Adverse Action.</u>

Plaintiff claims that after she engaged in protected activity by complaining of Dixon's conduct, Dixon "excluded [her] from trainings, emails, and strategy meetings to support her role with the agency." Am. Compl. ¶¶ 102, 106. Dixon then allegedly reprimanded Plaintiff for not knowing what was discussed in the meetings she was purportedly excluded from. *Id*. Although Plaintiff baldly alleges that these strategy meetings from which she was excluded were "to support her role with the agency," *id.*, she does not at all describe the alleged purposes of these meetings; she does not claim that they were critical to her job duties; and she does not allege that her exclusion from these meetings affected her job performance. *Cf. Allen v. Napolitano*, 774 F.

---

[3]   The D.C. Circuit's ruling in *Chambers v. District of Columbia* abrogating the "objective tangible harm" standard applies to discrimination, rather than retaliation, claims. *See Chambers v. District of Columbia*, 35 F.4th 870, 876 (D.C. Cir. 2022) (noting that the Supreme Court "identified the contours of [Title VII's antiretaliation] provision, concluding that because it is important to separate significant from trivial harms, only a retaliatory act that is 'materially adverse' to the plaintiff is actionable" and that "the standard for judging 'material adversity' must be objective") (citation and quotation marks omitted); *see also Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024) (holding limited to Title VII discrimination claims).

Supp. 2d 186, 199–200 (D.D.C. 2011) (plaintiff sufficiently claimed defendant retaliated against her when it excluded her from several meetings where plaintiff described the purpose of each alleged meeting in detail and also alleged that deprivation of information critical to her duties discussed in these meetings interfered with her job performance; thus, "a reasonable juror could find that her exclusion from these meetings affected the terms and conditions of her employment"); *see Hayslett v. Perry*, 332 F. Supp. 2d 93, 104 (D.D.C. 2004) (dismissing plaintiff's retaliation claim based on exclusion from job-related meetings when plaintiff neither identified specific meetings nor demonstrated how exclusion caused her any harm).

Moreover, Plaintiff's allegation that Dixon simply excluded her from trainings and emails, without more, is unavailing. These alleged actions are not materially adverse because Plaintiff does not allege that she suffered a significant change in her employment or objectively tangible harm. *See Allen*, 774 F. Supp. at 204 ("Denial of training opportunities is materially adverse only if there is a material change in . . . employment conditions, status, or benefits.") (citation and internal quotation marks omitted). Because Plaintiff fails to allege that the District's alleged retaliatory actions affected a term, condition, or privilege of her employment, these alleged retaliatory actions do not constitute materially adverse actions sufficient to support a retaliation claim under either Title VII or the DCHRA. As a result, the Court should dismiss Counts III and IV with respect to the District. *See Douglas*, 559 F.3d at 552; *Ndondji v. InterPark Inc.*, 768 F. Supp. 2d 263, 268 (D.D.C. 2011).

B.     **There Is No Causal Connection Between Plaintiff's Purported Protected Activity and Any Alleged Materially Adverse Action.**

Plaintiff also fails to establish any causal connection between her May 2021 complaint about Dixon's conduct[4] and any alleged materially adverse action and therefore fails to state a retaliation claim. *See* Am. Compl. ¶¶ 27, 29; *Wiley*, 511 F.3d at 155. At the motion to dismiss stage, causal connection "may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." *McFarland v. George Washington Univ.*, 935 A.2d 337, 356 (D.C. 2007) (citations and quotations omitted); *see also McNair v. District of Columbia*, 213 F. Supp. 3d 81, 89 (D.D.C. 2016) (applying same standard to ADA, Title VII, and DCHRA retaliation claims); *Peters v. District of Columbia*, 873 F. Supp. 2d 158, 200 (D.D.C. 2012) (casual connection may be established by showing close temporal proximity between protected activity and adverse action).

Here, Plaintiff fails to allege any facts specifying when the alleged adverse actions occurred, and she does not specify the date when she first verbally complained about Dixon. *See Lancaster v. Vance-Cooks*, 967 F. Supp. 2d 375, 386 (D.D.C. 2013) ("A casual nexus may exist when a protected activity and adverse personnel action occur within a time from which a retaliatory motive can be inferred."). *First*, even if the District excluded Plaintiff from strategy meetings that adversely interfered with her job performance—thereby affecting a material term or condition of her employment—Plaintiff does not state *when* the District allegedly excluded her from such meetings. *See* Am. Compl. ¶¶ 36–38, 102, 106. *Second*, Plaintiff claims that "Mr.

---

4      The Amended Complaint does not allege when in May 2021 Plaintiff made a verbal complaint about Dixon. *See* Am. Compl. ¶ 27.

Dixon also did not pay [her] overtime"[5] after she submitted a complaint about him, but she does not state *when* exactly Dixon denied her overtime. *See id.* ¶¶ 103, 107. Plaintiff only generally asserts—without specifying a date—that in "May 2021, [she] *discovered* that the [District] had not paid her overtime as it similarly failed to do with other employees during this period." *Id.* ¶ 42 (emphasis added). *Third*, Plaintiff claims she emailed a complaint about Dixon to Madison on May 26, 2021, *see id.* ¶ 29, but Plaintiff fails to allege the date in May 2021 that she first voiced a verbal complaint about Dixon, *see id.* ¶ 27. Thus, although Plaintiff may have discovered she was not paid overtime in May 2021, it remains unknown whether the District allegedly did not pay Plaintiff any overtime owed to her either before or after she first complained about Dixon to Madison, if indeed it owed Plaintiff overtime by a certain date. Without factual allegations specifying when the alleged protected activity and adverse actions occurred, Plaintiff fails to plausibly allege an inference of causation sufficient to support a retaliation claim. *See, e.g.*, *Iyoha v. Architect of the Capitol*, 977 F.3d 561, 574 (D.C. Cir 2019) (only when the two events are very close in time does temporal proximity support an inference of causation). Accordingly, the Court should dismiss Counts III and IV against the District.

## II. Plaintiff's FLSA Claims Are Barred by a Two-Year Statute of Limitations (Counts VI and VII).

Plaintiff's FLSA claims are barred by a two-year statute of limitations, and because Plaintiff does not allege willfulness, she does not benefit from a three-year statute of limitations. Accordingly, the Court should dismiss Counts VI and VII of the Amended Complaint against the District with prejudice.

---

[5]   Although it is unclear whether Plaintiff alleges that Dixon, in his individual capacity, failed to pay Plaintiff overtime, the District assumes, for the purposes of this motion, that Plaintiff means the District—or Dixon in his official capacity—failed to pay her overtime.

"The statute of limitations under the FLSA is two years unless the plaintiff adequately alleges that the defendant willfully violated the statute, in which case the statute of limitations is three years." *Thompson v. RCX, LLC*, No. 1:21-cv-03386 (CJN), 2023 WL 2162626, at *4 (D.D.C. Feb. 22, 2023) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999)); *see also* 29 U.S.C. § 255(a). In FLSA actions, an employer's conduct is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . . ." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Conclusory allegations are not sufficient to establish willfulness for a three-year statute of limitations to apply. *Thompson*, 2023 WL 2162626, at *4.

Here, Plaintiff makes no plausible allegations of willfulness, and thus the two-year statute of limitations applies. Plaintiff alleges that she contacted DOES's human resources staff in May 2021 to inform them that certain employees, including herself, were not paid overtime, and in response, DOES's human resources told her that they would "contact central human resources *to correct it*." Am. Compl. ¶ 42 (emphasis added). Further, in the fall of 2021, Plaintiff contends that she reported missing overtime hours to her supervisor, Monnika Madison, and DOES's General Counsel, Tonya Robinson, and Plaintiff concedes that DOES made "adjustments" in September and November 2021 in response to her complaint. *See id.* ¶¶ 61–62. Plaintiff further contends that on November 29, 2021, she wrote a complaint to DOES's deputy general counsel to complain about Madison's alleged failure to pay overtime hours. *See id.* ¶ 66. Plaintiff acknowledges that she received three payments from the District in March 2022 totaling approximately $6,000. *Id.* ¶ 72.

As the District acknowledged and responded to Plaintiff's concerns about her overtime pay, the District's actions cannot be construed as willful violations of the FLSA. Thus, a two-

9

year statute of limitations applies. The date of Plaintiff's termination was December 1, 2021, *id.* ¶ 68, so Plaintiff should have filed this action by December 1, 2023, but she failed to do so until April 18, 2024. *See* ECF No. 1. As a result, Plaintiff's FLSA claims are barred by the applicable two-year statute of limitations, and Counts VI and VII of the Amended Complaint should be dismissed.

### III.     Plaintiff Fails to State a Claim for FLSA Retaliation (Count VII).

To state a prima facie claim of retaliation under the FLSA, "a plaintiff is required to show that (1) [s]he made an FLSA complaint or otherwise engaged in protected conduct; (2) the defendant was aware that [s]he had engaged in protected activity; (3) the defendant took an action that was materially adverse to the complainant and sufficient to dissuade a reasonable employee from further protected activity; and that (4) there was a causal relationship between the two." *Del Villar v. Flynn Architectural Finishes, Inc.*, 893 F. Supp. 2d 201, 213 (D.D.C. 2012). "A [FLSA] complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Lucas v. Guzman*, No. 21-CV-0296 (ABJ), 2022 WL 2064852, at *9 (D.D.C. Jun. 8, 2022) (citing *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). "'Ask[ing]' when [plaintiff] would be paid . . . is not 'sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the [FLSA].'" *Id.* (citing *Kasten*, 536 U.S. at 14). Rather, the plaintiff must notify the employer that she filed a complaint or instituted a proceeding under the FLSA's provisions. *See id.* at *9. "Not all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of [the FLSA]." *Benton v. Laborers' Joint Training Fund*, 121 F. Supp. 3d 41, 57 (D.D.C. 2015) (citing *Hicks v. Ass'n of Am. Med. Colleges*, 503 F. Supp. 2d 48, 52 (D.D.C. 2007)) (quoting *Lambert v. Ackerley*, 180 F.3d 997, 1007 (9th Cir. 1999)).

10

Here, Plaintiff contends that she contacted Robinson on November 29, 2021, explaining Madison's "reluctance to pay her" overtime hours and that "on December 1, 2021, two days after reporting the non-payment of overtime to [Robinson], [she] was terminated." Am. Compl. ¶¶ 63, 68. Plaintiff also alleges that she sent a written complaint to DOES's deputy general counsel on November 29, 2021, regarding Madison's failure to pay overtime hours. *See id.* ¶ 66. Plaintiff asserts that in the written complaint, she alleged that DOES "failed to pay double pay for the [previous] owed overtime per DC Law" and "regularly convert[s] late overtime to straight pay without notification and in violation of federal laws." *Id*. ¶ 67. Additionally, she maintains that she cited to the FLSA for the proposition that "holiday pay does not count toward an employee's overtime calculation. Likewise, other types of paid time off do not count towards the overtime calculations." *Id.* However, she fails to allege that she notified the District that she filed a complaint or instituted a proceeding against the District for any alleged FLSA violation. In fact, Plaintiff fails to allege that she explicitly asserted her statutorily protected rights under the FLSA to Madison or Robinson at any point in time during her employment with DOES. Because Plaintiff did not explicitly assert any of her statutory rights under the FLSA and instead complained generally about failing to receive overtime compensation, she is not entitled to maintain a retaliation claim under the FLSA against the District. Thus, the Court should dismiss Count VII of the Amended Complaint.

## CONCLUSION

For these reasons, the Court should grant the District's motion and dismiss Counts III, IV, VI, and VII of the Amended Complaint against the District with prejudice.

Dated: August 12, 2024                      Respectfully submitted,

                                            BRIAN L. SCHWALB

       Attorney General for the District of Columbia

       STEPHANIE E. LITOS
       Deputy Attorney General
       Civil Litigation Division

       */s/ Christina Okereke*
       CHRISTINA OKEREKE [219272]
       Chief, Civil Litigation Division Section II

       */s/ Samantha N. Lewis*
       SAMANTHA N. LEWIS [187701]
       Assistant Attorney General
       400 Sixth Street, NW
       Washington, D.C. 20001
       (202) 355-4837
       samantha.lewis1@dc.gov

       *Counsel for Defendant District of Columbia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFANI BUTLER,<br><br>      *Plaintiff,*<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>      *Defendants.* | Civil Action No. 24-CV-01134 (APM) |

### ORDER

Upon consideration of Defendant District of Columbia's Partial Motion to Dismiss the Amended Complaint, any opposition and reply thereto, and the entire record, it is this ____ day of _____ 2024, hereby

**ORDERED** that Defendant's Motion is **GRANTED**; and it is further

**ORDERED** that Counts III, IV, VI, and VII of the Amended Complaint against Defendant District of Columbia are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                                                                                                                                _____

                                                                                                                                                AMIT P. MEHTA
                                                                                                                                                United States District Judge