## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEFANI BUTLER,

*Plaintiff*,

v.

DISTRICT OF COLUMBIA, *et al.*,

*Defendants*.

Civil Action No. 23-cv-01134 (SLS)

## PROTECTIVE ORDER

Under Fed. R. Civ. P. 26(c) and it appearing that discovery in this action is likely to involve the disclosure of confidential information, IT IS HEREBY ORDERED that the following shall govern Plaintiff Stefani Butler and Defendant District of Columbia's ("the parties") exchange and use of materials containing confidential information during the pendency of this action, including any appeals.

## CONFIDENTIAL INFORMATION SUBJECT TO THIS ORDER

1.    Information Subject to This Protective Order: The following categories of information may be designated as CONFIDENTIAL pursuant to this Protective Order:

  a.    personally identifiable information (PII) sought from an individual, including, but not limited to, such individual's or his/her family members' home address, telephone number, date of birth, social security number, health care information, health insurance records, life insurance information, or any other personal information unique to such individual. Defendant District of Columbia may redact PII from documents before disclosure and such redaction does not affect the designation of said documents as CONFIDENTIAL;

  b.    non-public information contained in any District of Columbia current or former employee's personnel file, disciplinary file, training file, or adverse action file;

  c.    non-public information, including but not limited to investigative files and recordings of personnel matters;

    d.   information protected by or specifically prohibited from release by statute or regulation; and

    e.   Plaintiff's medical records.

2.   As set forth below, information and things that are stamped "CONFIDENTIAL" and contain information identified by category in Paragraph 1 above shall not be disclosed by any receiving party for any purpose other than discovery and trial in this action and any appeal.

## MARKING AND CLASSIFICATION OF CONFIDENTIAL INFORMATION

3.     Any party wishing to designate information as CONFIDENTIAL INFORMATION shall at the time of production, if at all possible, stamp or otherwise mark the produced document with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

4.     Any party wishing to designate information provided by a non-party as CONFIDENTIAL shall submit to the other party a written designation of the documents or things containing such information.

5.     The parties shall make a good faith effort to designate CONFIDENTIAL INFORMATION properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of CONFIDENTIAL INFORMATION without the appropriate classification marking, regardless of whether the CONFIDENTIAL INFORMATION was designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or information contained therein.  The parties shall, upon notice, thereafter treat such CONFIDENTIAL INFORMATION according to the correct designation and classification.  A

receiving party shall make a good faith effort to locate and mark appropriately any CONFIDENTIAL INFORMATION upon receipt of such notice.

6.      If a producing party inadvertently discloses to a receiving party information, documents, or materials that are asserted to be privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity, provided that the producing party demonstrates that: (1) the disclosure was inadvertent; (2) the producing party acted promptly upon discovering the inadvertent disclosure; and (3) the inadvertence occurred despite reasonable precautions to prevent inadvertent disclosure.  The receiving party shall return the information within three (3) business days of receipt of the producing party's notice of inadvertent or unintentional disclosure and, upon receipt of that notice, the receiving party shall treat the information as confidential, and not disclose it in any manner prohibited by the terms of this Protective Order.  Nothing herein shall be construed to prevent the party returning the inadvertently disclosed material from seeking production of any documents in accordance with the Federal Rules of Civil Procedure, provided that, once the producing party makes the requisite showing set forth herein above, the returning party does not assert waiver of the privilege or immunity because of the inadvertent production.

## HANDLING OF CONFIDENTIAL INFORMATION

7.      All CONFIDENTIAL INFORMATION shall be treated as proprietary and shall be disclosed or made available only to: (1) counsel of record (including such counsel's partners, shareholders, associates, associated counsel, paralegal, law clerk, and secretarial and clerical personnel); (2) experts employed by such counsel for consultation or to render expert reports in

accordance with Fed. R. Civ. P. 26(b)(4) (and the necessary secretarial and clerical personnel of such experts); and (3) court personnel, certified court reporters, and the parties' respective copy vendors. Any information designated "CONFIDENTIAL" by the producing party shall not be used or disclosed by any receiving party for any purpose, other than as specified herein during the discovery, trial, and appeal in this action.

8. All persons other than the persons identified in ¶ 7 above authorized to have access to CONFIDENTIAL INFORMATION pursuant to this Protective Order shall be provided with a copy of this Protective Order and shall sign the statement attached hereto as Exhibit A acknowledging their agreement to the terms of this Protective Order. An executed copy of Exhibit A shall be provided to all parties before disclosure of any CONFIDENTIAL INFORMATION to any person, other than those identified in ¶ 7.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

9. If any party disagrees at any stage of this action with the designation of any information as CONFIDENTIAL, the parties shall first try to resolve the dispute on an informal basis. Any receiving party may, at any time, request that the producing or designating party withdraw the CONFIDENTIAL designation with respect to any information. Any such request shall be made in writing, served on counsel for the producing or designating party, and shall particularly identify: (a) the designated CONFIDENTIAL INFORMATION that the receiving party contends is improperly designated; and (b) the reasons supporting the receiving party's objection(s) to the designation. Service by email shall be sufficient for this purpose.

10. If the parties are unable to resolve their dispute informally, the receiving party shall have the right to object to the designation by following the Court's procedures for resolution of a discovery dispute. If a motion is filed or the Court is otherwise notified of the discovery dispute,

the initial CONFIDENTIAL designation shall remain in place until the Court rules on the discovery dispute and thereafter shall be governed by the Court's ruling.  If the parties are unable to resolve their dispute informally, and a party does not elect to file a motion with the Court or follow such other Court procedures to raise a discovery dispute before the Court, the initial CONFIDENTIAL designation shall remain in place.

11.   The acceptance by any party of any information designated CONFIDENTIAL shall not constitute evidence, an admission, or a concession that the information actually is confidential or proprietary.

<u>**CONFIDENTIAL INFORMATION AT DEPOSITIONS**</u>

12.   Other than court personnel and court reporters, only the parties, counsel of record (including such counsel's partners, shareholders, associates, associated counsel, paralegals, law clerks, and secretarial and clerical personnel), the witness (including the witness's attorney), and experts who have met the requirements of ¶ 7 above may be present at any examination, or portion of an examination, concerning CONFIDENTIAL INFORMATION of another party or a third party.

13.    A party may designate as CONFIDENTIAL any information, testimony, or exhibit disclosed or obtained during a deposition that meets the definition of ¶ 1 above by indicating on the record during the deposition that such is CONFIDENTIAL and subject to the provisions of this Protective Order.  Any information designated as CONFIDENTIAL during a deposition that meets the definition of ¶ 1 above shall be separately bound and marked bearing the pertinent CONFIDENTIAL designation, unless the parties stipulate otherwise in writing prior to the deposition or at the deposition on the record.  Any party who objects to any CONFIDENTIAL designation made at a deposition must note the objection on the record.  The

CONFIDENTIAL designation of material that meets the definition of ¶ 1 above shall remain in place, and the objecting party shall be barred from publicly disclosing the information, testimony, transcript, or exhibit designated as CONFIDENTIAL without the prior approval of the Court or the withdrawal of the designation by the designating party. A party may not designate the entirety of a deposition as CONFIDENTIAL unless all testimony during the course of the deposition contains information that meets the definition of ¶ 1.

14. Desposition transcripts, testimony, or exhibits designated as CONFIDENTIAL shall only be disclosed to the named parties, their counsel of record, their experts, the Court and its personnel, and the court reporter.

## CONFIDENTIAL INFORMATION IN COURT FILINGS

15. Information designated as "CONFIDENTIAL" pursuant to this Protective Order that meets the definition in ¶ 1 does not lose its designation as such if that information is subsequently filed with the Court by any designating party, non-designating party, or a third party, whether that submission is made by written motion, pleading, memorandum, or any other submission to the Court, including but not limited to any demonstratives, attachments, transcripts, appendices, or exhibits submitted to the Court.

16. Any party or third-party who seeks to file with the Court any transcript, deposition, exhibit, answer to interrogatories, or other information previously designated CONFIDENTIAL pursuant to this Protective Order, or any pleading, memorandum, or other submission to the Court purporting to discuss, reproduce, summarize, or paraphrase any such CONFIDENTIAL INFORMATION, shall seek leave to file the protected material under seal in accordance with LCvR 5.1(h).

6

## USE OF CONFIDENTIAL INFORMATION IN OPEN COURT

17.  CONFIDENTIAL INFORMATION does not lose its designation as such if that information is subsequently offered during hearings, at trials, or otherwise in open court by any party or a third party, whether elicited or presented through argument or objections in open court, statements to the jury, direct examination, cross-examination, or redirect examination, or through any demonstratives, attachments, transcripts appendices, or exhibits offered in open court.

18.  The use of CONFIDENTIAL INFORMATION during hearings, at the trial, or otherwise in open court shall be subject to such protection as the Court shall determine at the time.  Nothing in this Protective Order shall be deemed a waiver of any right to object on any ground to the admission in evidence of any CONFIDENTIAL INFORMATION.  A party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality.  In the event that a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent in writing prior to the time at which it intends to introduce the opponent's CONFIDENTIAL INFORMATION.  If the opponent desires to maintain the confidentiality of its material, it shall be responsible for taking appropriate measures with the Court to maintain its confidentiality.

## EXCLUSION OF PUBLIC DOMAIN INFORMATION

19.  Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any information not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, unless the obtaining party learned about or discovered the relevant information because it was produced

or made available for inspection in discovery in this lawsuit and designated as CONFIDENTIAL

INFORMATION.

## NON-WAIVER OF PRIVILEGES AND OBJECTIONS

20.   Nothing in this Protective Order shall be construed to require the production of

CONFIDENTIAL INFORMATION that is privileged or otherwise protected from disclosure.

The entry of this Protective Order shall not constitute a waiver by any party of any objection to

the disclosure or production of any information or material during discovery.

21.   Nothing in this Protective Order shall be construed to mean that the production of

CONFIDENTIAL INFORMATION, in whole or in part, constitutes either an admission by any

party that the produced information is relevant, authentic, or properly produced, or a waiver of

any right to properly withhold any document from production.

22.   Nothing in this Protective Order shall bar any person from asserting, prejudice any

person who asserts, or be used against any person who asserts the attorney-client privilege, the

work-product doctrine, or any other applicable privilege or immunity as to any discovery,

including any discovery that may have been inadvertently produced.

## MISCELLANEOUS

23.     Nothing in this Protective Order shall be construed as limiting or otherwise

restricting the District of Columbia's use of its own CONFIDENTIAL INFORMATION for any

purpose or as requiring District employees to sign an acknowledgement prior to obtaining such

information.

24. The terms of this Protective Order shall survive the final termination of this litigation

and shall continue to apply fully to all CONFIDENTIAL INFORMATION that has not properly

become a matter of public record.  Following final termination of this litigation, this Court shall

retain and have jurisdiction over the parties and all persons who received access to
CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order.

25.  This Protective Order shall be binding on the parties, their attorneys, and the
parties' and their attorneys' successors, executors, personal representatives, administrators,
heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees,
agents, and independent contractors, and other persons or organizations over which the parties
or their attorneys have control.

26.    Nothing in this Protective Order shall bar or otherwise restrict any attorney herein
from rendering advice to the attorney's party-client with respect to this action, and in the course
thereof, relying upon an examination of CONFIDENTIAL INFORMATION, provided that, in
rendering such advice and in otherwise communicating with the party-client, the attorney shall
not disclose the proprietary substance of any CONFIDENTIAL INFORMATION nor the source
of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents,
things, materials, or information pursuant to the terms of this Protective Order.

27.    No later than thirty (30) days after the final termination of this action, including
all appeals, and unless otherwise required by law, the attorneys for each party shall assemble
and return to the producing party CONFIDENTIAL INFORMATION in their possession,
custody, or control, or shall destroy all copies thereof which respective parties have in their
possession, custody, or control, and shall provide written notification of the destruction to the
producing party. The attorneys for the parties shall be entitled to retain all pleadings and
litigation documents, including exhibits and their own memoranda containing
CONFIDENTIAL INFORMATION, but such litigation documents and memoranda shall be
used only for the purpose of preserving a file on this action, and, without written permission of

the opposing party or an Order of this Court, shall not be disclosed to anyone not covered by this Protective Order.  Nothing in this Protective Order supersedes any document retention requirements established by law, court order, or rules of professional responsibility.

28.    In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Protective Order in writing to all parties to this suit and with respect to any CONFIDENTIAL INFORMATION provided to the requesting party and produce any such discovery in accordance with and subject to the terms of this Protective Order.

**SO ORDERED**.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:  September 30, 2025

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| STEFANI BUTLER, |
| *Plaintiff*, |
| v. |
| DISTRICT OF COLUMBIA, *et al.*, |
| *Defendants*. |

Civil Action No. 23-cv-01134 (SLS)

**ACKNOWLEDGEMENT OF CONFIDENTIALITY**

I understand that confidential documents, testimony and/or information may be revealed to me for purposes of the above-captioned lawsuit.  I have been advised that, by agreement among Plaintiff and Defendant District of Columbia, as so ordered by the Court, such documents, testimony, and/or information may not be used for any purposes other than the prosecution or defense of said lawsuit.

I hereby certify that I have read the Protective Order entered in this lawsuit.  I agree to maintain the confidentiality of any documents, testimony, and/or information provided to me and otherwise to abide by the terms of the Protective Order.

I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony, and/or information will be treated as a breach of the Protective Order for which I may be liable for damages and subject to sanction by the Court.  I agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Agreement.

Date: _____

_____
PRINT NAME

_____
SIGNATURE

**EXHIBIT A**