IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Stefani Butler** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) Civil Action No. 1:24-cv-01134 | |
| **District of Columbia, et al** ) | |
| Defendants. ) | |
| ) | |

### SHOW CAUSE RESPONSE

COMES NOW, Plaintiff, Stefani Butler (hereinafter, "Ms. Butler") by and through her counsel, hereby responds to this Court's September 30, 2025 Order to show cause for why claims against Defendant Corey Dixon should not be dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4(m). In support thereof, Ms. Butler asserts as follows:

### RELEVANT FACTUAL BACKGROUND

1. This instant action was filed on April 18, 2024. ECF No. 1.

2. Defendant District of Columbia was served on May 13, 2024. ECF No. 5.

3. Plaintiff filed proof of service upon the District of Columbia one day later, on May 14, 2024. *Id*.

4. Defendant Corey Dixon was served four days later on May 18, 2024. ECF No. 33.

5. On September 30, 2025, this Court Ordered Plaintiff to show cause for why claims against Defendant Corey Dixon should not be dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4(m).

6. On October 14, 2025, Plaintiff filed proof of service upon Mr. Dixon. ECF No. 33.

## **LEGAL ANALYSIS**

   A. *Defendant Dixon Should Not be Dismissed Because He was Properly and Timely Served One Month After the Complaint in This Action was Filed.*

Fed. R. Civ. P. 4(m) governs timeliness of service upon a Defendant. Specifically, "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. This rule governs whether the Defendant was served within the 90-day timeframe. The record shows that both Defendants were timely served. For this reason, Fed. R. Civ. P 4(m) is inapplicable for dismissal under the current facts.

The question is whether Plaintiff's failure to *file* proof of service warrants Mr. Dixon's dismissal. Fed. R. Civ. P 4(l)(1) requires that proof of service be made to the court. However, Fed. R. Civ. P. 4(l)(3) provides that "[f]ailure to make proof of service does not affect the validity of service." *See also*, LCvR 5.3.

In this instant matter, the complaint was filed on April 18, 2024, and service was timely completed to Mr. Dixon on May 18, 2024 – one month later. Mr. Dixon has no argument that service was defected. Because failure to file the proof of service does not affect the validity of service, Mr. Dixon was still required to file an Answer or responsive motion within 21 days of service. *See*, Fed. R. Civ. P. 12 (a)(1)(A)(i). He knew of the pending litigation because the timely service provided him notice of the litigation. His failure to enter into this case should not be awarded with a dismissal due to a procedural defect or procedural oversight. This is especially the case because the defect was cured when Plaintiff was given notice of the oversight. Fed. R.

Civ. P. (4)(l)(3) authorizes the Court to "permit proof of service to be amended." Proof of service was amended or filed on October 14, 2025. ECF No. 33.

"The Court may at any time allow the proof to be amended or supplied, unless to do so would unfairly prejudice a party." LCvR 5.3. Here, Mr. Dixon would not be prejudiced by not being dismissed from this action because he was properly and timely served. The District would not be prejudiced because it is also representing Mr. Dixon, and, by virtue of its representation, it knew or should have known he was properly and timely served. Additionally, Plaintiff and the District have scheduled Mr. Dixon's deposition for November 10, 2025. His participation in discovery demonstrates that he is not prejudiced by being kept as a party in a litigation in which he was timely served.

Lastly, a dismissal of Mr. Dixon from this case would present an issue for the Court of Appeals. Plaintiff is entitled to file for a default upon Defendant's failure to respond to the complaint, even if Plaintiff never filed proof of service. *See*, Fed. R. Civ. P. 4(l)(3). A dismissal of the Defendant based on a failure to file proof of service undercuts Fed. R. Civ. P. 4(l)(3). If the Defendant, who is required to file a responsive pleading notwithstanding a proof of service, is dismissed from the case because the proof of service was never filed, the dismissal would invalidate the requirement to respond to the complaint. Because of this, Plaintiff respectfully requests this Court to not dismiss Mr. Dixon.

## Conclusion

For the foregoing reasons, this Court must exercise jurisdiction over the Defendant in this Action and not dismiss him as a party.

Respectfully Submitted,

*[signature]*

Robert Baldwin III, Esq.
Bar No. 20793
Virtue Law
1250 Connecticut Ave, Suite 700
Washington D.C., NW 20036
T: (301) 821-6407
Robert@virtuelawgroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of October 2025, a copy of the foregoing Show Cause was served via electronic mail upon the following:

Brian L. Schwalb, Attorney General for the District of Columbia;

Chad Copeland, Deputy Attorney General for the District of Columbia;

Christina Okereke, Chief of Civil Litigation Division Section II; and

Sarah Preis, Assistant Attorney General

Hailey Guillory, Assistant Attorney General

400 6th Street, NW

Washington DC, 20001

*Counsels for the Defendant, District of Columbia*

Respectfully Submitted,

_____
Robert Baldwin III, Esq.
Bar No. 90002020
Virtue Law
1250 Connecticut Ave, Suite 700
Washington D.C., NW 20036
T: (301) 821-6407
Robert@virtuelawgroup.com
*Counsel for Plaintiff*